IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARY L. HERNANDEZ and
BORDER FAIR HOUSING AND
ECONOMIC JUSTICE CENTER,

      Plaintiffs,

v.                                                      CV 08-0732 MCA/WPL

MONARCH REAL ESTATE CORP,
STEPHEN TATE, and VALERIE
SWEARINGEN,

      Defendants.

**ORDER**

      This matter is before me on a motion by Defendants Monarch Real Estate and Stephen Tate to compel additional discovery from Plaintiffs, Plaintiffs' response and Defendants' reply. (Docs. 59, 71, 78.) Defendants request the production of additional documents bearing on the issue of damages. They also seek reasonable costs and attorney's fees incurred due to the necessity of filing their motion. Plaintiffs, in turn, argue that they have provided complete responses to the interrogatories and all documents relevant to Plaintiffs' injuries and damages, that Defendants did not request the information they now seek to compel, and that the records Defendants seek are not discoverable. Plaintiffs also request reasonable costs and attorney's fees, claiming that Defendants' motion was not substantially justified and that Defendants failed to meet and confer in good faith prior to filing their motion. For the reasons that follow, I grant Defendants' motion in part. I deny both parties' requests for costs and attorney's fees.

**BACKGROUND**

Plaintiffs brought suit under the Fair Housing Act of 1968, the Las Cruces Fair Housing Law, and New Mexico common law alleging that Defendants "routinely violate these laws by maintaining a policy and practice of refusing to rent to persons with children, and/or by renting to such persons under different, and oppressive, terms and conditions." (Doc. 1 at ¶ 1.) They seek a declaratory judgment, injunctive relief, compensatory and punitive damages, and attorney's fees under 42 U.S.C. § 3613(c)(2). (*Id.* at 14-15.)

Defendants filed their first set of interrogatories and request for production on March 3, 2009; Plaintiffs filed their answers and responses on April 21, 2009 and produced responsive documents on or about April 26, 2009. (Docs. 38, 39, 49, and 59 at 1-2.) Interrogatory No. 7, a version of which was propounded to both Plaintiff Hernandez and Plaintiff Border Fair Housing, asked for a description of injuries suffered and damages sought. (Doc. 59 at 2.) In addition, in Interrogatory No. 16, Defendants asked Plaintiff Border Fair Housing to itemize and state with specificity each element of damages, including the nature of the damage, the specific amount of each item of damages, and the basis for the amount. (*Id.* at 2-3.) In Request for Production No. 6, Defendants asked Plaintiffs to produce all documents that support their claims of injuries and amount of damages. (*Id.* at 2, 4.)

In her discovery responses, Plaintiff Hernandez indicated that her injuries include emotional distress, humiliation, embarrassment, and a deprivation of her right to equal housing opportunities and that the value of these damages is not amenable to precise itemization or computation. (*Id.* at 2.) She stated that she had no documents responsive to the request for production. (*Id.*) Plaintiff Border Fair Housing responded that Defendants' alleged actions have frustrated its mission of promoting fair housing and non-discrimination in housing throughout the border region and that it

2

has made substantial efforts and expended considerable resources to identify and counteract Defendants' allegedly discriminatory practices. (*Id.*) Plaintiff Border Fair Housing stated that the frustration of its mission is not amenable to precise itemization or computation, but indicated that its employees are compensated at $175 per hour and that the specific time expended to identify and counteract Defendants' practices would be produced in response to Defendants' request for production. (*Id.* at 2-4.)

## DISCUSSION

The principle issue in this discovery dispute is whether the attorney's fees that Plaintiffs incur litigating this action are an item of damages such that information pertaining to attorney's fees is responsive to Defendants' discovery requests and can be compelled.[1] Defendants also raise an issue with regard to redacted documents and a privilege log provided by Plaintiff Border Fair Housing. Finally, Defendants contend that Plaintiffs admit that certain documents exist yet refuse to produce them. Defendants request that "the Court prevent Plaintiffs from seeking recovery of any and all damages (including, but not limited to, attorneys' fees) for which documentation does exist, and is not produced pursuant to the requests set forth above." (*Id.* at 5.) I will address each issue in turn.

---

[1] Although Defendants did not mention documentation of Plaintiffs' attorney's fees in their motion, it is mentioned in a deficiency letter that defense counsel sent to Plaintiffs' counsel the day before filing the motion, which is attached to the motion as Exhibit A. In response to the motion, Plaintiffs suggest that "the only documents and information Defendants actually seek in their Motion to Compel are the time records of Plaintiffs' outside litigation counsel." (Doc. 71 at 1.) In their reply, Defendants claim that "Plaintiffs mischaracterize [Defendants' motion] as seeking only documentation to indicate the amount of their attorneys' fees, while overlooking the other categories of information with respect to which . . . Defendants expressly move the Court to compel production." (Doc. 78 at 1-2.) In actuality, Defendants never identify any other category of information and go on to state that "the larger issue in [their] motion remains documentation of Plaintiffs' attorneys' fees." (*Id.* at 4.) Thus, it appears that the production of information pertaining to Plaintiffs' attorney's fees is at the heart of this dispute.

*Attorney Time Records*

Unless otherwise limited by court order, Federal Rule of Civil Procedure 26 allows for discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Defendants view Plaintiffs' attorney's fees as an item of damages. Defendants argue that, as an item of damages, information pertaining to attorney's fees was encompassed by their discovery requests. They further argue that "Plaintiffs are *claiming* their attorneys' fees in this action" under 42 U.S.C. § 3613(c)(2) so the information is discoverable under Federal Rule of Civil Procedure 26(b)(1). (Doc. 78 at 5.)

Plaintiffs assert that they make their request for attorney's fees pursuant to the fee-shifting framework of § 3613(c)(2), not under the damages provision of § 3613(c)(1). (Doc. 71 at 4-5.) Thus, they argue that Defendants' request for documents and information related to injuries and damages does not encompass information pertaining to attorney's fees. Plaintiffs also maintain that the question of damages will be resolved by a jury after hearing evidence, while an award of attorney's fees under § 3613(c)(2) is made by the court post-judgment, based on a fee petition supported by declarations, time records, and other relevant information. Because attorney's fees will not be an issue at trial, and information regarding attorney's fees should not be considered by a jury, Plaintiffs argue that the records are not discoverable.

Defendants misunderstand the nature of damages and attorney's fees in this case. Black's Law Dictionary defines damages as "money claimed by, or ordered to be paid to, a person as compensation for loss or injury." BLACK'S LAW DICTIONARY 416 (8th Ed. 2004). Although Plaintiffs include a request for attorney's fees in their prayer for relief, the fees are not requested as

4

compensation for an injury. Plaintiffs allege that Defendants' actions and policies have caused Plaintiff Hernandez emotional distress, humiliation, embarrassment, and deprivation of her right to equal housing opportunities, and have frustrated Plaintiff Border Fair Housing's mission and caused it to make substantial efforts and expend considerable resources to identify and counteract Defendants' discriminatory practices. Plaintiffs request compensation for the economic loss, humiliation, embarrassment, and emotional distress caused by Defendants, and punitive damages to punish and deter Defendants' allegedly wanton and reckless conduct. These are Plaintiffs' damages. Although the litigation may be necessary to remedy a wrong, the lawsuit itself is not an injury; therefore, the attorney's fees that Plaintiffs incur litigating the action are not damages for injuries caused by Defendants.[2]

My conclusion that attorney's fees are not damages in the context of this case is supported by the provisions of the Fair Housing Act establishing the relief that is available in suits by private persons. Section 3613(c)(1) provides that a court may award to the plaintiff actual and punitive damages, and, subject to certain limitations, a permanent or temporary injunction, temporary restraining order, or other order, if the court finds that a discriminatory housing practice has occurred or is about to occur. 42 U.S.C. § 3613(c)(1). Under § 3613(c)(2), "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee and costs." 42 U.S.C. § 3613(c)(2). These two provisions clearly distinguish between damages and attorney's fees.

---

[2] Defendants have not argued that Plaintiffs incurred attorney's fees in identifying and counteracting Defendants' discriminatory practices or that their discovery requests sought information for fees incurred in this capacity.

5

Although Defendants contend that the distinction Plaintiffs make between §§ 3613(c)(1) and (c)(2) amounts to a "logical leap," it is, in fact, an important distinction. Only a prevailing plaintiff is entitled to the relief, including damages, available under § 3613(c)(1). However, the fee shifting language of § 3613(c)(2) contemplates the award of fees to either a prevailing plaintiff or a prevailing defendant. *See* 42 U.S.C. § 3613(c)(2); *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421 (1978). Thus, a prevailing defendant may be able to recover attorney's fees under § 3613(c)(2) but could not recover damages under § 3613(c)(1). It would be inconsistent to treat attorney's fees under § 3613(c)(2) as damages, possibly invoking pretrial procedural and substantive obligations such as discovery, with regard to plaintiffs but not with regard to defendants. Defendants have provided no legal basis for such an incongruous reading of the statute.

Defendants cite several cases that indicate that attorney's fees are damages. All of these cases are distinguishable. *Tropicana Products, Inc v. Vero Beach Groves, Inc.*, No. 92-1985, 1993 WL 73693 (1st Cir. Mar. 17, 1993) and *Applewood Landscape & Nursery Co. v. Hollingsworth*, 884 F.2d 1502 (1st Cir. 1989) both involved a motion for attorney's fees under Federal Rule of Appellate Procedure 38, which states: "If a court of appeals determines that an appeal is frivolous, it may . . . award just damages . . . ." FED. R. APP. P. 38. Although the court in *Tropicana* declined to award damages under Rule 38, it acknowledged that just damages include attorney's fees, citing to *Applewood*. *See Tropicana*, 1993 WL 73693, at *2. In *Applewood*, the court did award damages under Rule 38 and found that "the 'just' measure of damages [were] the appellee's attorney's fees, for the appeal of this action." *Applewood*, 884 F.2d at 1508. Notably, the court in *Applewood* limited the damages award to the fees incurred defending the appeal and did not suggest that the fees

6

incurred litigating the underlying lawsuit were damages. Because a frivolous appeal injures the appellee, it makes sense to treat the fees incurred in defending the appeal as damages for an injury.

Similarly, in *In re Peregrine Systems, Inc.*, 314 B.R. 31 (Bankr. D. Del. 2004) (*rev'd in part*, Civ. 04-1325-SLR, 2005 WL 2401955 (D. Del. Sept. 29, 2005) (unpublished)), the bankruptcy court awarded the debtors their attorney's fees and costs incurred in connection with a suit initiated against them in violation of the automatic stay. The court found that the plaintiffs in that action "willfully violated the stay and that the attorneys' fees and costs incurred by Debtors as a result of [plaintiffs'] actions constitute 'actual damages.'" *Id.* at 39-40. The bankruptcy code provides that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." *Id.* at 51 (quoting 11 U.S.C. § 362(h)). As with a frivolous appeal, a willful violation of the bankruptcy stay injures the debtor and the bankruptcy code provides for damages to compensate this injury.

Finally, Defendants cite two unpublished state trial court cases holding that attorney's fees are damages under the respective state law. (*See* Doc. 78 at 5 (citing *Mack v. Brundage*, No. CV044001252S, 2007 WL 2597619 (Conn. Super. Ct. Aug. 29, 2007) and *Clarkson v. Goldstein*, No. Civ.A.04C-03-109MMJ, 2005 WL 1331776 (Del. Super. Ct. May 31, 2005)).) These cases are irrelevant to an evaluation of attorney's fees provided for in a federal statute. I will note, however, that one case involved the Delaware Uniform Deceptive Trade Practices Act, which provides for treble damages and for fee-shifting in exceptional cases. *See Clarkson*, 2005 WL 1331776, at *9 (citing DEL. CODE. ANN. tit. 6, §§ 2533(b), (c)). The Delaware superior court awarded treble damages and attorney's fees to the plaintiffs. The court measured treble damages as three times actual damages, which the court found to include the attorney's fees plaintiffs had incurred in a

7

foreclosure proceeding that resulted from Defendants' fraud. *Id.* The court separately awarded attorney's fees and costs incurred in the DTPA litigation under the fee-shifting provision. *Id.* While the fees from the foreclosure proceeding were awarded as damages for plaintiffs' injuries, the fees awarded under the fee-shifting provision were not.

In sum, the attorney's fees requested under 42 U.S.C. § 3613(c)(2) are not damages. They are requested, not pursuant to the damages provision of the Fair Housing Act, but pursuant to a separate, fee-shifting provision, and are not sought as compensation for an injury caused by Defendants. As a result, information pertaining to Plaintiffs' attorney's fees was not encompassed by Defendants' discovery requests.

Furthermore, Plaintiffs' request for attorney's fees is not a claim for purposes of Federal Rule of Civil Procedure 26(b)(1). As the commentary to Rule 26 indicates, "The purpose of discovery is to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case." Rule 26(b)(1) Advisory Committee Note (1946 Amendment). "Matters entirely without bearing either as direct evidence or as leads to evidence are not within the scope of inquiry." *Id.* Information pertaining to the fees Plaintiffs incur litigating this action has no bearing on their claims under the Fair Housing Act, the Las Cruces Fair Housing Act or New Mexico common law, or on their ability to prove damages because, as discussed above, their attorney's fees are not damages. As the Supreme Court has noted with regard to fee-shifting statutes, "[a]s a general matter, . . . it is indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain. Such an award does not remedy the injury giving rise to the action, and indeed is often available to the party defending against the action." *Budinich v. Becton Dickinson and Co.*, 486 U.S. 196, 200 (1988) (in the context of 42 U.S.C. § 1988).

8

Provisions of both the Federal and Local Rules of Civil Procedure demonstrate that the information Defendants seek is not contemplated by pre-trial discovery, but rather is the subject of post-judgment proceedings before the court. Federal Rule of Civil Procedure 54 provides that "a claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." FED. R. CIV. P. 54(d)(2)(A). The motion must be filed "no later than 14 days after the entry of judgment." FED. R. CIV. P. 54(d)(2)(B)(i). The Fair Housing Act does not require that attorney's fees be proved as an element of damages. In fact, it specifically distinguishes between damages and attorney's fees, leaving attorney's fees to the discretion of the court and only after a prevailing party has been determined. *See* 42 U.S.C. § 3613(c)(2). Similarly, under local rule, a motion for attorney's fees must be filed after entry of judgment. *See* D.N.M.LR-Civ. 54.5(a). Moreover, Local Rule 54.5 states that "an attorney must keep concurrent time records in . . . actions where there is a potential for an award of attorney fees. Time records are kept by the attorney and are not filed until after final judgment unless otherwise ordered." D.N.M.LR-Civ. 54.5 (b). Thus, Plaintiffs are correct to note that "records or information regarding the fees expended should not be considered by the jury at all and by the Court only once judgment is entered in Plaintiffs' favor or Plaintiffs otherwise qualify as prevailing parties." (Doc. 71 at 5-6.) Because information pertaining to attorney's fees incurred in this litigation is not relevant to any claim or defense, it is not discoverable under Federal Rule of Civil Procedure 26(b)(1).

This is not to say that Defendants are never entitled to information pertaining to Plaintiffs' attorney's fees. Local Rule 54.5 requires that a fee petition be supported by evidence in the form of affidavits and time records. D.N.M.LR-Civ. 54.5(a). Federal Rule of Civil Procedure 54 requires the court to allow an opportunity for adversary submissions on the motion. FED. R. CIV. P.

9

54(d)(2)(C). The commentary to Rule 54 indicates that the court may order disclosure of additional information and "on rare occasion, the court may determine that discovery under Rules 26-37 would be useful to the parties." Rule 54(d)(2)(C) Advisory Committee Note (1993 Amendment). However, again, such discovery, if allowed, would be part of post-judgment proceedings. Accordingly, information pertaining to Plaintiffs' attorney's fees is not discoverable at this time.[3]

*Privilege Log*

In its discovery responses, Plaintiff Border Fair Housing stated that it would produce documentation of the time expended to identify and counteract Defendants' discrimination. (Doc. 59 at 3-4.) In the letter attached as Exhibit A to their motion, Defendants noted that the only documents produced contained a summary of heavily redacted diary entries. (*See* Doc. 59 Ex. A at 1.) Defendants also indicated that Plaintiffs' counsel had agreed to remove the redactions or provide a privilege log. (*Id.*) In responding to the motion, Plaintiffs assert that they have provided a privilege log and have reproduced the documents at issue in the privilege log with fewer redactions. (Doc. 71 at 1 n.1.) Defendants reply that Plaintiffs' privilege log is "grossly deficient" and does not satisfy Plaintiffs' discovery obligations or the requirements of Federal Rule of Civil Procedure 26(b)(5). (Doc. 78 at 3.)

Defendants attach Plaintiffs' privilege log, dated May 29, 2009, to their reply brief. (*See* Doc. 78 Ex. A.) I have reproduced the contents here:

---

[3] Defendants also argue that "the information sought is necessary to the evaluation of this case for the purose [sic] of possible settlement." (Doc. 59 at 5.) They believe that "attorneys fees [sic] are the driving force for plaintiffs' claims in this case since the alleged 'actual' damages appear to be less than $10,000." (*Id.* Ex. A at 2.) Attorney's fees likely will be a factor in settlement negotiations. However, the Federal Rules of Civil Procedure are not intended to compel information for the purpose of settlement. Furthermore, the role that attorney's fees play in Plaintiffs' settlement evaluation is between Plaintiffs and their counsel, to be shared with Defendants at their discretion.

| Bates # | Date | Document Description | Privilege |
|---|---|---|---|
| PL 132-137 | Various | BHF Contact Log | Redacted information: Attorney/client privilege |

Defendants complain that the document does not identify the redacted information with any degree of particularity, referring to all redactions as "[r]edacted information: Attorney/client privilege." (Doc. 78 at 3.) They argue that they cannot "assess the claim of privilege when all they are provided is the claim of privilege itself." (*Id.*) Defendants assert that, after receiving Plaintiffs' privilege log, they wrote to Plaintiffs' counsel requesting a more informative privilege log. They state that, "although Plaintiffs modified their redactions, and provided some rationales for withholding the remaining information, they failed to provide . . . an updated privilege log identifying in any usable detail the information redacted." (*Id.*)

Federal Rule of Civil Procedure 26(b)(5) requires that a party claiming privilege, "describe the nature of the documents, communications or tangible things not produced or disclosed–and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5). Plaintiffs' privilege log indicates that the redacted information is subject to the attorney-client privilege, but this does not describe the nature of the redacted information. The description of the document as "BFH contact log" does not describe the nature of the redacted information. By August 7, 2009, Plaintiffs shall provide an updated privilege log that describes the nature of the redacted information in sufficient detail, without revealing the privileged information, that Defendants can assess the claim.

11

***"Documents that exist but were not produced"***

Finally, Defendants argue that Plaintiffs admit that certain documents exist yet refuse to produce them. Defendants request that "the Court prevent Plaintiffs from seeking recovery of any and all damages (including, but not limited to, attorneys' fees) for which documentation does exist, and is not produced pursuant to the requests set forth above." (Doc. 59 at 5.)

As the referral judge, I cannot rule on a dispositive issue, such as whether Plaintiffs may pursue damages at trial, even if the sanction is requested for a discovery violation. This ruling is the province of the presiding judge. However, to the extent that Defendants seek to compel production of documents that exist but which Plaintiffs refuse to produce, I deny the request. Defendants have not specifically identified any documents that fall into this category. I can only infer that Defendants again refer to the information pertaining to Plaintiffs' attorney's fees.[4] I have already ruled that Plaintiffs need not produce this information.

***Costs and Attorney's Fees Under FED. R. CIV. P. 37***

Both parties request reasonable costs, including attorney's fees, pursuant to Federal Rule of Civil Procedure 37(a). Rule 37(a) provides for costs and fees to be awarded to the prevailing party when a motion to compel is granted and to the opposing party when a motion to compel is denied. Generally, if the motion is granted, or if the disclosure or discovery is provided after the motion was filed, the court must award to the movant reasonable expenses, including attorney's fees, incurred in making the motion. FED. R. CIV. P. 37(a)(5)(A). However, the court must not order this payment

---

[4] For example, in their reply Defendants state, "Although Plaintiffs claim that certain documents sought in the [motion to compel] do not exist, they continue to resist producing other information, which they admits does exist. In so doing, they claim that, pursuant to their narrow interpretation of the . . . discovery requests, such information was not requested." (Doc. 78 at 1.) The only information that Plaintiffs claim was not requested was the information pertaining to attorney's fees.

if the movant filed the motion before attempting in good faith to obtain the discovery without court action, the nondisclosure was substantially justified, or other circumstances make an award of expenses unjust. *Id.* Generally, if the motion is denied, the court must award the opposing party reasonable expenses, including attorney's fees, incurred in opposing the motion. FED. R. CIV. P. 37(a)(5)(B). However, the court must not award this payment if the motion was substantially justified or other circumstances make an award of expenses unjust. (*Id.*)

Defendants argue that they should be awarded reasonable costs and attorney's fees because certain information sought in their discovery requests was not provided until after the motion to compel was filed. (Doc. 78 at 2.) Plaintiffs argue that they should receive costs and fees because Defendants' motion was not substantially justified and Defendants failed to meet and confer in good faith. (Doc. 71 at 7.) Plaintiffs note that defense counsel sent a letter describing deficiencies in Plaintiffs' discovery responses on May 25, 2009, the day before filing their motion, and a federal holiday. (*Id.*) Defendants requested a response by May 26, 2009, a day in which the parties were in an all-day deposition. (*Id.*)

Although I grant Defendants' motion in part, I deny their request for reasonable costs and attorney's fees. With regard to the production of information pertaining to the attorney's fees Plaintiffs incur in this litigation, the motion was not substantially justified. Not only does it reflect a fundamental misunderstanding of the nature of attorney's fees and damages, the case law Defendants cite to support their position is easily distinguishable, unpersuasive, and, in some cases, irrelevant. With regard to the privilege log, defense counsel's deficiency letter, sent a day before filing the motion, is hardly a good faith effort to resolve the dispute. Moreover, it does not appear that Plaintiffs improperly resisted providing a privilege log. Both parties reference a discussion regarding a privilege log at a "recent deposition." (*See* Doc. 59 Ex. A at 1, Doc. 71 at 1, n.1.)

13

Plaintiffs contend that they did not object to providing a privilege log but that Defendants did not raise the issue again until their deficiency letter the day before filing the motion. I find Plaintiff's privilege log deficient so I order them to provided an updated log, but I am at a loss as to why the parties could not resolve this purported dispute without court intervention. Because I grant Defendants' motion in part, Plaintiffs' request for reasonable costs and fees is also denied.

### CONCLUSION

Plaintiffs shall provide an updated privilege log by August 7, 2009. All other requests for relief are denied.

IT IS SO ORDERED.

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.